UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALD HELDERMAN; LORIE          Case No. 15-CV-3814 (PJS/JSM)
LAUPPE; CASSANDRA LAUPPE; and
SCOTT LAUPPE,

Plaintiffs,

v.                                          ORDER

OCWEN LOAN SERVICING, LLC;
WILFORD GESKE & COOKE, PA; and
ATISOURCE SINGLE FAMILY, INC.;

Defendants.

Jonathan L.R. Drewes and Paul H. Weig, DREWES LAW, PLLC, for plaintiffs.

Uzodima Franklin Aba-Onu and Michael A. Klutho, BASSFORD REMELE, for defendant Wilford Geske & Cooke, PA.

Plaintiff Ronald Helderman borrowed money and secured his promise to repay the loan with a mortgage on his home.  Helderman later failed to repay the loan as promised.  After Helderman's default, the mortgage was assigned to Bank of America, N.A. ("Bank of America"), which then foreclosed.  Helderman redeemed the mortgage and recorded a certificate of redemption in Washington County, Minnesota.  On the same day, Helderman sold the property to his niece and brother-in-law (plaintiffs Cassandra Lauppe and Scott Lauppe) through a contract for deed.  Helderman,

Cassandra Lauppe, Scott Lauppe, and Helderman's sister (plaintiff Lorie[1] Lauppe) all reside in the home.

About a week after Helderman redeemed and sold the property, defendant Wilford Geske & Cooke, PA ("WGC") sent two letters: one addressed to Helderman and "Occupants" and the other addressed to "All Occupants."  *See* Second Am. Compl. [ECF No. 38] Exs. B, C.  WGC's first letter (to Helderman and "Occupants") stated, among other things, that Bank of America was now the owner of the property, that the former owner must vacate immediately, and that failure to vacate could result in the commencement of an unlawful-detainer action.  The letter also explained that any tenants in the home had certain rights, including the right to remain in the home for 90 days.  Second Am. Compl. Ex. B.  WGC's second letter (to "All Occupants") stated that Bank of America had obtained the property as a result of a foreclosure sale and that military members on active duty may be entitled to certain legal protections.  Second Am. Compl. Ex. C.

Based on these communications, plaintiffs bring multiple claims against WGC and the other defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and a state-law claim of intrusion upon seclusion against WGC.[2]

---

[1]The complaint alternates between "Lorie Lauppe"and "Laurie Lauppe."

[2]Plaintiffs originally brought a state-law claim of intentional infliction of

(continued...)

This matter is before the Court on WGC's motion to dismiss all but one of plaintiffs' claims against it.  For the reasons that follow, the Court denies WGC's motion with respect to plaintiffs' FDCPA claims and grants it with respect to plaintiffs' claim of intrusion upon seclusion.

### A.  FDCPA

WGC argues that (with one exception) it is not a "debt collector" and so is not subject to the FDCPA.  *See Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006) (if defendant is not a "debt collector" within the meaning of the FDCPA, then that statute does not apply).  Specifically, WGC contends that, because it was enforcing Bank of America's security interest, it could not possibly have been a "debt collector" within the meaning of the FDCPA (except with respect to plaintiffs' claim under 15 U.S.C. § 1692f(6), which applies to the enforcement of security interests).  This Court has already rejected WGC's argument, however:

> . . . § 1692a(6) begins by broadly defining the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

---

[2](...continued)
emotional distress, but in response to WGC's motion to dismiss, plaintiffs have wisely withdrawn it.  ECF No. 16 at 2; Second Am. Compl. ¶ 100.  Plaintiffs have also pleaded a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq., but plaintiffs do not assert that claim against WGC.

another."  It then provides that, for the purpose of § 1692f(6), the term "debt collector" includes *not only* all those defined as "debt collectors" by the first sentence of § 1692a(6), but *also* those who "use[ ] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  In no way does the statute suggest that when a person who is defined as a "debt collector" by the first sentence of § 1692a(6) begins enforcing security interests, that person is no longer a "debt collector" for purposes of any provision of the FDCPA except § 1692f(6).  Such a reading of § 1692a(6) would obviously create a large hole in the FDCPA, as someone who regularly collects debts could simply make sure that he or she also enforces security interests and thereby escape the application of all of the FDCPA save § 1692f(6).

*Friend v. Fryberger, Buchanan, Smith & Frederick, P.A.*, No. 11-CV-1584 (PJS/LIB), 2012 WL 503796, at *5 (D. Minn. Feb. 14, 2012).

WGC does not rebut this analysis.  Instead, WGC cites *James v. Ford Motor Credit Co.*, 47 F.3d 961 (8th Cir. 1995), but that case does not even mention, must less reject, the points made in *Friend*.  True, the Eighth Circuit remarked in passing that "repossession companies . . . are not generally subject to the FDCPA" and that "a few provisions of the Act subject repossession companies to potential liability when they act in the enforcement of others' security interests."  *Id.* at 962.  This language is merely prefatory, however, and it certainly does not constitute a holding.  (The Eighth Circuit's holding concerned the statute of limitations.  *Id.* at 963.)  Moreover, this language simply recognizes that a repossession company may not meet the general definition of "debt

collector," but that specific language in the FDCPA might nevertheless render that company liable under some circumstances.

Here, in contrast, plaintiffs allege that WGC *does* meet the general definition of "debt collector" in that it "regularly engages in the collection of debts . . . ."  Second Am. Compl. ¶ 45; 15 U.S.C. § 1692a(6) (defining "debt collector" generally to mean "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").  That may not be true, but the question at this point is not whether plaintiffs' allegations are true, but whether they are adequate.  The allegations are adequate to state a claim, and therefore WGC's motion to dismiss is denied with respect to plaintiffs' FDCPA claims.[3]

### B.  Intrusion Upon Seclusion

WGC also moves to dismiss plaintiffs' claim of intrusion upon seclusion.  The elements of an intrusion-upon-seclusion claim are (1) an intrusion (2) into some matter in which a person has a legitimate expectation of privacy (3) that would be highly

---

[3]In its reply brief, WGC argues that the FDCPA claims should be dismissed because plaintiffs allege that Helderman had redeemed the mortgage.  As a result, says WGC, there was no debt to collect, so it could not have been acting as a "debt collector." The Court doubts that WGC is correct.  Notably, a "debt" includes an "*alleged* obligation of a consumer to pay money," 15 U.S.C. § 1692a(5) (emphasis added), and a "debt collector" includes any person who regularly collects "debts owed or . . . *asserted* to be owed or due another," 15 U.S.C. § 1692a(6) (emphasis added).  But the Court need not address WGC's argument because it was made for the first time in a reply brief.  *See Gearin v. City of Maplewood*, 780 F. Supp. 2d 843, 866 n.23 (D. Minn. 2011); *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007).

offensive to the ordinary reasonable person.  *Swarthout v. Mut. Serv. Life Ins. Co.*, 632

N.W.2d 741, 744 (Minn. Ct. App. 2001).

> There is no liability unless the interference with the
> plaintiff's seclusion is a substantial one, of a kind that would
> be highly offensive to the ordinary reasonable [person], as
> the result of conduct to which the reasonable [person] would
> strongly object.

*Id.* (citation and quotations omitted; alterations in original).

WGC's conduct in sending two letters—an eviction notice and a notice of

servicemembers' rights—does not come close to meeting this standard.  In *Radford v.*

*Miller*, the Minnesota Court of Appeals addressed the difference between an intrusion

that is highly offensive and an intrusion that is not by citing with approval the

following illustration from the Restatement (Second) of Torts:

> "[T]here is no liability for knocking at the plaintiff's door, or
> calling . . . on one occasion or even two or three, to demand
> payment of a debt.  It is only when the telephone calls are
> repeated with such persistence and frequency as to amount
> to a course of hounding the plaintiff, that becomes a
> substantial burden to his existence, that his privacy is
> invaded."

No. A11-298, 2012 WL 1380262, at *3 (Minn. Ct. App. Apr. 23, 2012) (quoting

Restatement (Second) of Torts § 652B, cmt. d).  It should go without saying that sending

a grand total of two unwelcome letters to a plaintiff falls far short of "a course of

hounding the plaintiff" or creating "a substantial burden to [the plaintiff's] existence."

Plaintiff's intrusion-upon-seclusion claim borders on the frivolous, and the claim is therefore dismissed.  *See Carlson v. First Revenue Assur.*, No. 02-CV-0209 (DWF/AJB), 2002 WL 31866305, at *3-4 (D. Minn. Dec. 19, 2002) (sending six dunning letters over the course of five months did not constitute a highly offensive intrusion).

Plaintiffs ask that they be allowed to amend their complaint in the event that the Court finds that they have not adequately pleaded a claim of intrusion upon seclusion. But plaintiffs suggest no further facts that they could allege that would cure the defect. Leave to amend is therefore denied.  *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002) (no abuse of discretion in denying leave to amend where plaintiff fails to specify the proposed new allegations).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The motion of defendant Wilford Geske & Cooke, PA to dismiss [ECF No. 9] is GRANTED IN PART and DENIED IN PART.

2.    The motion is GRANTED with respect to plaintiffs' claim of intrusion upon seclusion (Count VIII in ECF No. 38), and that claim is DISMISSED WITH PREJUDICE AND ON THE MERITS as against defendant Wilford Geske & Cooke, PA.

3.     The motion is DENIED in all other respects.


Dated:  March 2, 2016                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge